Daniel Barroner, Petitioner *v.* Blair County Board of Assistance, Department of Public Welfare, and the Commonwealth of Pennsylvania, Respondents.

Submitted on briefs, February 1, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Stephen A. Sheller,* with him *Bruce M. Ludwig,* for petitioner.

*Constance S. McAllister,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Blatt, May 19, 1978:

Daniel Barroner appeals here from an arbitrator's decision which held that his demotion during a probationary period following a promotion was not arbitrable under the provisions of the relevant collective bargaining agreement.

Barroner was originally employed by the Blair County Board of Assistance as a Human Services Aide. On December 19, 1975, he was promoted to an Income Maintenance Worker Trainee and began a six-month probationary period in that position. Barroner was informed on April 26, 1976 that he would be demoted to his prior position because he did not successfully pass the probationary period in that his work did not meet the standards required for the Income

Maintenance Worker position. A grievance was filed on Barroner's behalf by the Pennsylvania Social Services Union (union) contending that his demotion was without just cause and, therefore, violated the relevant provisions of the collective bargaining agreement between the Commonwealth and the Joint Bargaining Committee of the Pennsylvania Social Services Union and the Pennsylvania Employment Security Employees' Association (agreement). An arbitrator heard the grievance and entered a decision holding that a demotion during a probationary period following a promotion was not arbitrable under the agreement. This appeal followed.

This Court's scope of review of an arbitrator's award is defined in Sections 10 and 11 of the Act of April 25, 1927, P.L. 381, *as amended* (Arbitration Act), 5 P.S. §§170, 171. If in resolving the dispute between the contracting parties, the arbitrator has had to determine the intention of the parties as evidenced by their collective bargaining agreement and the circumstances surrounding its execution, the Arbitration Act establishes in Section 11(d) a scope of review similar to the "essence test" recognized in the federal courts. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977). Under this test, the arbitrator's interpretation must be upheld if it "can in any rational way be derived from the agreement viewed in light of its language, its context, and any other indicia of the parties intention." *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3rd Cir. 1969). An arbitrator's interpretation of clauses of a collective bargaining agreement which defines those matters to be submitted to arbitration involves a factual determination of the parties' intention and must be reviewed with

reference to the "essence" test. *County of Allegheny v. Allegheny County Prison Employees Independent Union,* Pa. , n.7, 381 A.2d 849, 851 n.7 (1977). The issue which we must examine here, therefore, is the reasonableness of the arbitrator's interpretation of the agreement's provisions concerning demotions during probationary periods.

The following are the relevant provisions of the agreement:

> Article XXIX—SENIORITY
>
> *Section 13.* The probationary period shall be six months . . . and the provisions of Article XXXI shall not be applicable during this period.
>
> Article XXXI—. . . DEMOTION . . .
>
> *Section 1.* The Employer shall not demote . . . without just cause. An employe may appeal a demotion . . . beginning at the third step of the grievance procedure, subject to any conditions set forth in the grievance procedure under Article XXXII.
>
> . . . .
>
> *Section 3.* The provisions of this Article shall not apply during the initial six months of probationary employment.
>
> Article XLIV—MISCELLANEOUS . . .
>
> *Section 1.* In the event that any provisions of this Agreement are found to be inconsistent with existing statutes or ordinances, the provisions of such statutes or ordinances shall prevail. . . .

The union maintained before the arbitrator that Section 1 of Article XXXI required the employer to establish good cause for any demotion and that the exception contained in Section 3 of the same article

applied only to the first period of probationary employment when initially hired and not to subsequent periods of probationary employment accompanying promotions. The arbitrator, however, rejected this interpretation as being inconsistent with the provisions of the Civil Service Act[1] (Act).

Noting that the Act required the expiration of a probationary period before any appointment to a position in the classified service would be deemed complete[2] and that the Act permitted demotions from probationary periods accompanying promotions without an appeal or hearing,[3] the arbitrator interpreted Sections 1 and 3 of Article XXXI to provide that the employer could demote an employee during a probationary period of employment without just cause.

Our review of the agreement compels us to conclude that the arbitrator's interpretation of these provisions is a reasonable one. Section 1 of Article XLIV of the agreement provides that a statutory provision would prevail over any inconsistent provision of the agreement. We do not find it unreasonable that the arbitrator here chose to follow this rule in interpreting these provisions in a manner consistent with similar provisions in the Civil Service Act. Because the arbitrator's interpretation is reasonably derived from the agreement his decision must be affirmed.

### ORDER

AND Now, on this 19th day of May, 1978, the order of Arbitrator Samuel H. Jaffee, numbered 76-1037 and dated January 7, 1977, is hereby affirmed.

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1 et seq.

[2] Section 603(a) of the Act, 71 P.S. §741.603(a).

[3] Section 804.1 of the Act, 71 P.S. §741.804(a).